IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMAL GETHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:23-cv-426 (LMB/JFA) |
| | ) |
| HAROLD CLARKE, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Before the Court is defendants Harold Clarke ("Clarke"), David Robinson ("Robinson"), Leslie Fleming ("Fleming"), Tony Darden ("Darden"), and Hearing Officer Seeley's ("Seeley") (collectively, "defendants") Motion to Dismiss ("Motion")[1] [Dkt. No. 14] Virginia state prisoner Jamal Gethers' ("plaintiff" or "Gethers") 42 U.S.C. § 1983 ("§ 1983") action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2] See [Dkt. No. 14]. The Complaint alleges that defendant Seeley, the hearing officer who upheld a disciplinary charge against plaintiff and sanctioned him with a $2.00 fine, defendants Darden and Fleming, officers who denied his first- and second-level appeals of the disciplinary hearing decision, and defendants Clarke and Robinson, the Director and Corrections Chief of Operations at the Virginia Department of Corrections ("VDOC"), violated Gethers' due process rights under the Fourteenth Amendment in connection

---

[1] Because plaintiff is proceeding pro se, defendants attached a proper Roseboro Notice to their Motion. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[2] Plaintiff has also filed a Request for Production of Documents, Interrogatories, and Request for Admissions ("Motions for Discovery") [Dkt. Nos. 18, 19, 20], requesting that defendants produce some discovery. Defendants have filed a Motion for Extension of Time to Complete Discovery ("Motion to Extend") [Dkt. No. 21], requesting an extension until 30 days after the Court rules on their Motion to respond to plaintiff's discovery. Because the Motion to Dismiss will be granted, both plaintiff's Motions for Discovery and defendants' Motion to Extend will be denied as moot.

with the disciplinary proceeding and sanction due to the underlying offense being unconstitutionally vague and the finding lacking sufficient evidence. [Dkt. No. 1].

Defendants contest plaintiff's allegations on multiple grounds, including defendants' entitlement to qualified immunity, plaintiff's failure to establish supervisory liability, and plaintiff's failure to plead any violation of due process. Plaintiff has filed an opposition to the Motion [Dkt. No. 17], to which defendants have not responded. Defendants' Motion is therefore ripe for consideration and, for the reasons that follow, it will be granted.

I

According to Gethers' Complaint and his Affidavit in support of his Complaint,[3] he moved into housing unit 2D Cell 11, a two-person cell at Sussex II State Prison, in September 2019. [Dkt. No. 2] ¶ 2. Gethers initially shared Cell 11 with Kevin Hinton, who had already been living in the cell when plaintiff arrived, but in November 2019, Gethers began sharing Cell 11 with Christopher Coleman. Id. at ¶ 4-5. At some point in January 2019, Timothy Pryor replaced Christopher Coleman, and between April and May 2021, Don Brown ("Brown") became plaintiff's cellmate. Id. at ¶ 6-7. According to Gethers, Cell 11's vents had not been inspected before he moved into the cell in September 2019 or during the following two years and six months. Id. at ¶ 9.

On March 17, 2022 Sergeant O'Keefe searched Cell 11 and found a "6 ½ inch sharpened metal instrument inside" the air vent. [Dkt. No. 1] ¶ 11. Both Gethers and Brown denied any knowledge of the sharpened instrument. Id. at ¶ 12. Sergeant O'Keefe gave the instrument to

---

[3] Because courts may consider attachments to a complaint in ruling on a motion to dismiss "so long as they are integral to the complaint and authentic" and because defendants agree that plaintiff's Affidavit in support of his Complaint [Dkt. No. 2] is "integral" and "authentic," the Court will consider plaintiff's affidavit in ruling on defendants' Motion. See Fusaro v. Cogan, 930 F.3d 241, 248 (4th Cir. 2009).

2

Sergeant Dunlevy who charged Gethers and Brown with a violation of Offense Code 102, which makes it an offense to, among other things, possess a sharpened instrument. Id. at ¶ 14; see [Dkt. No. 15-1] at 6.

On April 19, 2022, defendant Seeley conducted Gethers' disciplinary hearing for his Offense Code 102 charge. Id. at ¶ 15. During the hearing, Gethers argued that he did not know that the sharpened instrument was in the vent, that it was not possible for either he or Brown to have retrieved the instrument, and that prison officials failed to inspect the cell before he had moved into Cell 11 in September 2019. Id. at ¶ 16. Defendant Seeley ultimately found Gethers guilty of violating Offense Code 102 and imposed a $2.00 fine. Id. ¶ 17. On May 15, 2022, Gethers appealed defendant Seeley's decision, which was denied by defendant Darden. Id. at ¶ 18. Plaintiff then filed a second-level appeal, which was denied by defendant Fleming. Id. at ¶ 22.

Having exhausted all available administrative remedies as required under 42 U.S.C. § 1997, on March 29, 2023, Gethers timely filed this § 1983 action, seeking $10,502.00 in damages, expungement of his disciplinary record, declaratory relief, and injunctive relief for defendants' violations of his due process rights under the Fourteenth Amendment. [Dkt. No. 1].

## II

Although plaintiff admits that he had the opportunity to challenge his disciplinary charge during a proper disciplinary hearing, he alleges that defendant Seeley violated his due process rights in finding him guilty of the disciplinary charge based on an unconstitutionally vague offense code and insufficient evidence, which resulted in the imposition of a $2.00 disciplinary fine. [Dkt. No. 1]. Defendants deny these claims, arguing that the Court should dismiss the Complaint because Gethers does not have a constitutionally protected interest in that "the small

penalty of a $2.00 fine which did not affect the term of Gethers' sentence or constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" [Dkt. No. 15] at 6. Even if the fine did constitute a constitutionally protected interest, defendants argue that Offense Code 102 is not unconstitutionally vague and the evidentiary standard for a disciplinary hearing was met in this case. Id. Plaintiff opposes defendants' Motion by merely re-alleging that defendants have violated his due process rights because "the subject cell wherein Gethers was housed was never inspected before placing him in there" and because "sufficient evidence did not exist" to find plaintiff guilty of "constructively possessing a weapon in violation of [the] offense code." [Dkt. No. 16].

### A. Standard of Review

In considering a Rule 12 (b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, and take the facts asserted in the Complaint as true. Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007). Rule 12(b)(6) requires that a complaint be dismissed when it does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must allege enough facts "to raise a right to relief above the speculative level." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Twombly, 550 U.S. at 555). "Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." Id. (quoting Iqbal, 556 U.S. at 679). Even though pro se complaints are to be construed liberally, a pro se plaintiff must still state a claim for relief that is

4

plausible on its face. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016).

### B. Analysis

As an initial matter, plaintiff's claims against defendants Clarke, Robinson, Fleming, and Darden fail because liability under § 1983 "will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," and "the doctrine of respondeat superior has no application under this section." Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977). Neither defendant Clarke nor defendant Robinson participated in the events alleged in the Complaint; rather, as plaintiff admits, those defendants were named only because of their position as "supervisor[s]," and not because of any personal involvement in the alleged constitutional violations. See [Dkt. No. 1] at 2. Plaintiff's allegations against defendants Darden and Fleming fare no better because their participation was limited solely to ruling on Gethers' appeals of defendant Seeley's disciplinary decision; however, as courts in this district have repeatedly held, "inmates do not enjoy a procedural due process right to appeal" prison disciplinary decisions. See Shahan v. Ormond, 2018 WL 6681210, at *7 (E.D. Va. Dec. 19, 2018). Thus, Gethers' § 1983 action may only proceed against defendant Seeley, the only official charged with personally violating plaintiff's rights in imposing the $2.00 disciplinary fine.

Although Gethers has alleged that defendant Seeley personally violated his constitutional rights, his due process claims are nevertheless unavailing. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Where a claimant asserts procedural due process claims, as plaintiff does, a court must first consider whether he has

5

asserted a "constitutionally protected liberty or property interest." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). "When a penalty for a disciplinary infraction does not affect the length of an inmate's term of confinement, his constitutionally protected liberty interests are generally limited to freedom from restraint that imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see Carter v. White, 2023 WL 3871719, at *4 (W.D. Va. June 7, 2023) (applying Sandin test to property interest); Riddick v. Kegley, 2023 WL 2326858, at *5 (W.D. Va. Mar. 2, 2923) (same). A plaintiff who fails to establish the existence of a protected interest "cannot 'invoke the procedural protections of the Due Process Clause.'" Prieto, 780 F.3d at 248 (emphasis in original).

The $2.00 disciplinary fine at issue here does not establish a constitutionally protected interest because the Fourteenth Amendment protects only those property interests that are not de minimis. See Fuentes v. Shevin, 407 U.S. 67, 90-91 & n.21 (1972); Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979) (explaining that "[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned"). Indeed, "small monetary penalties and penalties that do not impose restraint do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life and are not constitutionally protected interests under the Due Process Clause." Proctor v. Hamilton, 2021 WL 67353, at *3 (E.D. Va. Jan. 7, 2021) (finding that a $10 fine is "insufficient to give rise to a protected" interest); See, e.g., Riddick, 2023 WL 2326858, at *5 (finding a $12.00 fine did not impose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life and so did not constitute a property interest); Bratcher v. Mathena, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) (same). Gethers' $2.00 fine is notably less than fines that courts in this circuit have

found insufficient to give rise to a protected interest, and as such, Gethers' "small monetary fine assessed at [his] disciplinary hearing[] do[es] not trigger due process protections." Riddick, 2023 WL 2326858, at *5.

Even if plaintiff had established a constitutionally protected interest, his as-applied challenge to VDOC's Offense Code 102 as unconstitutionally vague because it does not provide "notice to any prisoner that they are responsible for inspecting and finding contraband left in the cell by inmates previously occupying the cell," [Dkt. No. 1] ¶ 37, is meritless. Under the void for vagueness doctrine, a "punishment fails to comply with due process if the statute or regulation under which it is obtained 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" F.C.C. v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012); Landman v. Royster, 333 F. Supp. 621 (E.D. Va. 1971) (explaining that the vagueness doctrine applies to prison regulations). In cases involving inmates, "the law requires less in the way of notice, and places a greater burden on the individual to make inquiry or ask permission before acting." Landman, 333 F. Supp. At 655-56.

VDOC's Operating Procedure "establishes the code of offenses, the penalties for violation of th[e] code, and the disciplinary process for all offenders incarcerated in Department of Corrections Institutions."[4] [Dkt. No. 15-1] at 1. Offense Code 102 lists as an offense the "[p]osession or use of a weapon, sharpened instrument, ammunition, explosive or incendiary device, or any chemical, poison or substance capable of maiming, blinding, disfiguring, or

---

[4] Defendants have attached to their Motion the VDOC Operating Procedure in effect on March 27, 2022. The Court will consider the attached Operating Procedure because it is both authentic and at the core of the Complaint, which challenges Offense Code 102 within the Operating Procedure. See Fusaro, 930 F.3d at 248.

7

causing any serious injury or death." Id. at 6. The "Notations and Exceptions" section of the Operating Procedure clarifies that "[a]n offender may be charged with a 'possession...' infraction when the item they are charged with having in their possession is either found on their person or physically within their control or is found in an area to which they can reasonably control the access of other offenders." Id. at 15. The Operating Procedure goes even further by explaining that if an inmate is assigned to a "double cell," both offenders housed within that cell "are jointly responsible, and both may be charged, for contraband found in the common areas of the cell, unless one offender claims responsibility for the contraband and there is additional reliable evidence linking the offender to the item." Id.

As defendants correctly argue, VDOC's Operating Procedure clearly provides a person of ordinary intelligence fair notice of what is prohibited conduct. It states that a sharpened instrument discovered in a shared cell results in joint responsibility and that both cellmates may be charged with possession. In applying the Offense Procedure to plaintiff's violation, the presence of a six-and-a-half-inch sharpened metal instrument in the vent of Gethers' cell constituted a clearly prohibited "sharpened instrument." Moreover, because Gethers and Brown shared Cell 11 at the time Sgt. O'Keefe found contraband in their vent, the Operating Procedure put both inmates on notice that they could be charged with possession of the contraband. The Operating Procedure is also not "so standardless" that it "encourages seriously discriminatory treatment," Fox, 567 U.S. at 253, because plaintiff's disciplinary charge resulted from an express violation of the Operating Procedure, which required Sgt. O'Keefe and Sgt. Dunlevy to report the violation. Given the clear notice provided to plaintiff and the circumstances alleged in the Complaint, plaintiff's argument that VDOC's Disciplinary Code was unconstitutionally vague fails as a matter of law.

8

Finally, plaintiff argues that the disciplinary charge was not supported by the requisite amount of evidence. In making this argument, he ignores case law establishing that the decision of the hearing officer in a disciplinary proceeding satisfies substantive due process if it is supported by "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). The determination of the sufficiency of evidence turns on "whether there is any evidence in the record that could support the conclusion reached by" the disciplinary hearing officer, and even evidence "characterized as meager" is sufficient to satisfy the "some evidence" standard. Id. at 455-57.

As the Fourth Circuit has recognized, constructive possession provides "some evidence" of guilt when the contraband is found in an area where "relatively few inmates have access." McClung v. Shearin, 90 Fed. App'x. 444, 446 (4th Cir. 2004). In accordance with McClung, "some evidence" supports defendant Seeley's decision and the decisions by defendants Darden and Fleming that affirmed his decision. Gethers does not contest that Sgt. O'Keefe discovered a six-and-a-half-inch sharpened instrument in the vent of Cell 11, and his Complaint cites no evidence indicating that since Gethers' moved into Cell 11 anyone other than his cellmates, with whom he would share joint responsibility, had access to his cell, that the cell had been left unlocked, that other inmates had been allowed to roam freely about the area, or that anyone other than his cellmates "had actually gained access to his cell." Ray v. Masters, 2017 WL 975948, at *4 (S.D. W. Va. Feb. 13, 2017). Even positing that the weapon had been placed in the vent before Gethers' moved into Cell 11, plaintiff had been on notice that he could be held jointly responsible for contraband found in the common areas of the cell, and he had over two years to discover the presence of the instrument. [Dkt. No. 15-1] at 15. Because the contraband was found in an area that only Gethers and Brown could access, "some evidence" supports defendant

9

Seeley's decision. See Hamilton v. O'Leary, 976 F.2d 341 (7th Cir. 1993) (affirming dismissal of claim where plaintiff was one of four inmates with access to the contraband).

### III

For all the reasons stated above, defendants' Motion to Dismiss [Dkt. No. 14] will be granted, and the Complaint will be dismissed by an Order that will accompany this Memorandum Opinion.

Entered this 26 day of October, 2023.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge